**DRISCOLL POTATOES, INC.,
et al., Plaintiffs,**

v.

**ROBINSON POTATO SUPPLY COMPANY OF KANSAS CITY, KANSAS,
INC., et al., Defendants.**

Civil Action No. 97–2196–GTV.

United States District Court,
D. Kansas.

March 27, 1998.

Mark G. Stingley, Cynthia L. Dillard, Bryan Cave LLP, Kansas City, MO, Hartley B. Martyn, Mark A. Amendola, Jennifer Sorce, Martyn & Associates, Cleveland, OH, for Plaintiffs.

Daniel W. Olsen, Overland Park, KS, Allan R. Kahan, Silver Spring, MD, for Intervenor-Plaintiff.

George A. Hanson, Blackwell, Sanders, Matheny, Weary & Lombardi L.L.P., Kansas City, MO, Marcus A. Mollison, Mark G. Rabogliatti, Shannon M. O'Toole, Oppenheimer, Wolff & Donnelly, Minneapolis, MN, Stephen A. Murphy, Douglas M. Weems, Spencer, Fane, Britt & Browne, Kansas City, MO, Susan S. Goldammer, Seigfreid, Bingham, Levy, Selzer & Gee, Kansas City, MO, for Defendants.

### MEMORANDUM AND ORDER

VAN BEBBER, Chief Judge.

Plaintiffs bring this action pursuant to the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a *et seq.*, seeking to recover unpaid debts from the sale of agricultural commodities. The case is before the court on defendant Great–Banc Trust Company's motion for summary judgment (Doc. 88).[1] For the reasons set forth below, the motion is denied.[2]

#### I. Background

In 1996, defendant Robinson Potato Supply Company began encountering difficulty in satisfying its financial obligations. Although the company attempted to work out an informal restructuring plan, plaintiffs secured a preliminary injunction prohibiting the implementation of the plan on the grounds that it contravened PACA provisions. In April 1997, Robinson ceased its operations and abandoned its facility. Rob-

---

1. Defendant's summary judgment motion does not comply with D.Kan.R. 56.1. This rule mandates that a memorandum in support of a summary judgment motion must contain a concise statement of uncontroverted facts within numbered paragraphs and with specific references to the record. Defendant's narrative-styled factual background section is inconsistent with the local rules of this court.

2. GreatBanc requests oral argument on its motion for summary judgment. Because the court finds that oral argument would not be of material assistance in the resolution of the motion, the request is denied.

inson owes approximately $725,000 to various sellers and suppliers of fresh produce.

Robinson's stock is owned exclusively by its workers pursuant to an Employee Stock Ownership Plan ("ESOP"). At all times relevant to this case, defendant GreatBanc Trust Company was the trustee of Robinson's employee stock ownership trust. Under the trust agreement, GreatBanc held all of Robinson's issued and outstanding stock for the benefit of plan participants. In consideration for its fiduciary responsibilities, GreatBanc received trustee fees from Robinson.

Robinson sent its last ESOP payment/trustee fee to Great–Banc on January 9, 1997. Robinson's earliest outstanding unpaid invoice for agricultural commodities is dated January 27, 1997.

## II. Summary Judgment Standards

In deciding a motion for summary judgment, the court must examine any evidence tending to show triable issues in the light most favorable to the nonmoving party. *Bee v. Greaves,* 744 F.2d 1387, 1396 (10th Cir. 1984). A moving party is entitled to summary judgment only if the evidence indicates "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A genuine factual issue is one that "can reasonably be resolved only by a finder of fact because [it] may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. This burden may be discharged by "showing" that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party, who "may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 256. Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.*

## III. Discussion

### A. GreatBanc's PACA Liability

■ Congress enacted PACA in 1930 with the intent of regulating commerce in perishable agricultural commodities, which the Act defines as "[f]resh fruit and fresh vegetables of every kind and character." 7 U.S.C. § 499a(b)(4)(A). "The Act was 'designed primarily for the protection of the producers of perishable agricultural products—most of whom entrust their products to a buyer or commission merchant who may be thousands of miles away, and depend for their payment upon his business acumen and fair dealing.' " *Tom Lange Co. v. Kornblum & Co. (In re Kornblum & Co.),* 81 F.3d 280, 283 (2d Cir. 1996) (citing H.R.Rep. No. 84–1196 (1955), *reprinted in* 1956 U.S.C.C.A.N. 3699, 3701). The Act "provide[s] a measure of control over a branch of industry which is almost exclusively in interstate commerce, is highly competitive, and presents many opportunities for sharp practice and irresponsible business conduct." *Id.* (citation omitted).

■ In 1984, after surveying the increasingly risk-prone atmosphere undergirding the commodities industry, Congress amended PACA to heighten the protections afforded to produce suppliers. Specifically, Congress created a statutory trust under which commission merchants, dealers, and brokers who receive perishable agricultural commodities hold the commodities in trust for produce suppliers until the suppliers are fully paid. *Consumers Produce Co. v. Volante Wholesale Produce, Inc.,* 16 F.3d 1374, 1378 (3d Cir.1994) (citing 7 U.S.C. § 499e(c)(2)). The statutory trust is a floating, non-segregated trust that extends not only to commodities, but also to inventories of food or other products derived from the commodities, and receivables or proceeds from the sale of the commodities or products. *Id.*

■ The specific terms of 7 U.S.C. § 499e(c)(2), as amended in 1984, provide: Perishable agricultural commodities received by a commission merchant, dealer, or broker in all transactions, and all inventories of food or other products derived

from perishable agricultural commodities, *and any receivables or proceeds from the sale of such commodities or products,* shall be held by such commission merchant, dealer, or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents.

*Id.* (emphasis added). Plaintiffs claim that certain ESOP payments and trustee fees GreatBanc received from Robinson represent "receivables or proceeds from the sale of (agricultural) commodities or products" and thus fall within the ambit of the PACA statutory trust. In its summary judgment motion, GreatBanc maintains that no statutory trust existed at the time it received its final payment from Robinson on January 9, 1997. To support this proposition, GreatBanc notes that the earliest unpaid invoices in the record for agricultural commodities received by Robinson are dated January 27, 1997.

▬ A PACA statutory trust is created the moment a commission merchant, dealer, or broker receives perishable agricultural commodities and remains in existence until the debt associated with the transactions is paid in full. *In re Atlantic Tropical Mkt. Corp.,* 118 B.R. 139, 141 (Bankr.S.D.Fla.1990) (citing 7 U.S.C. § 499e(c)(2)). It is conceivable that a PACA trust could be in continuous existence throughout the life of an agricultural commodity purchaser. *Id.* Because "the purchaser is in the best position of knowing the status of [its] debts ... [it] should ... have the burden of indicating at what point in time it has no unpaid suppliers and that no trust exists." *Id.* "Unless the purchaser can prove otherwise, once [it] is in the business of buying and selling [perishable agricultural commodities, it] is assumed to be holding a continuous trust fund for the benefit of unpaid suppliers." *Id.*

▬ Thus, commission dealers, merchants or brokers who purchase perishable agricul-

tural commodities, as well as entities who receive the proceeds from the sale of such commodities by the commission dealers, merchants or brokers, may avoid having their assets subjected to PACA's statutory trust only by showing either that: (1) no PACA trust existed at the time the controverted payments were made; (2) even though a PACA trust existed at the time of the payments, the payments were not made with trust assets; or (3) even though a PACA trust existed at the time of the payments and the payments were made with trust assets, the commission merchant, dealer, or broker thereafter paid all unpaid sellers, thereby terminating the trust. *See In re Kornblum & Co.,* 81 F.3d at 287.[3]

If Robinson had any outstanding commodity invoices on the dates on which it sent ESOP payments to GreatBanc, and did not thereafter settle all its accounts, GreatBanc's funds would fall within PACA's trust and be subject to disgorgement. Even if the then-outstanding invoices were paid after Robinson's ESOP payments to GreatBanc, the ESOP payments still would fall within PACA's floating trust as long as some commodity invoices remained outstanding. *See id.* at 284–86; *In re Atlantic Tropical Mkt. Corp.,* 118 B.R. at 141.

GreatBanc, noting that the earliest unpaid invoices in the record are dated more than two weeks after it received its final ESOP payment from Robinson, argues that no statutory trust was in place at the time of any ESOP payment. This argument misconstrues the nature of a PACA floating trust. All invoices in the record are *presently* outstanding. The proper analysis, however, does not focus on the status quo. The relevant issue is whether there were commodity bills, which may no longer be outstanding, that were unpaid on the date of the ESOP payments.

Considering the acknowledged financial difficulties of Robinson in the year preceding its April 1997 shutdown, it is unlikely that the company had no debt with any of its

---

**3.** Under certain circumstances, bona fide purchasers of assets in the PACA statutory trust need not return the funds to unpaid commodity suppliers or producers. *See Consumers Produce Co.,* 16

F.3d 1374; *C.H. Robinson Co. v. Trust Co. Bank, N.A.,* 952 F.2d 1311 (11th Cir.1992). Because GreatBanc is not a bona fide purchaser, this exception is inapplicable to the instant action.

suppliers on the dates it sent its ESOP payments to GreatBanc. For that matter, it is unlikely that even a prosperous company in the commodities industry would have no unpaid bills on any particular date.

As noted above, the burden of establishing the absence of such debts falls on the defendant and there is a presumption that agricultural commodity purchasers hold a continuous PACA trust fund for the benefit of suppliers. *See In re Atlantic Tropical Mkt. Corp.*, 118 B.R. at 141. Simply pointing to the fact that all currently outstanding bills post-date the controverted transactions does not demonstrate that a PACA statutory trust did not exist at the time of those transactions. Such reasoning would penalize creditors who enter the picture close to the time that a commodity purchaser finds itself insolvent. Having failed to demonstrate that a PACA trust was not in place at the time of Robinson's ESOP's payments, GreatBanc's summary judgment motion must be denied.

### B. Attorney Fees

GreatBanc requests that the court require plaintiffs to pay GreatBanc's attorney fees for having to conduct "frivolous discovery" and defend against "baseless claims." Because the court finds that plaintiffs' claims have merit and that no discovery abuses have occurred, GreatBanc's attorney fee motion is denied.

IT IS, THEREFORE, BY THE COURT ORDERED that defendant Great Banc Trust Company's motion for summary judgment (Doc. 88) is denied.

**IT IS SO ORDERED.**